**Kevin Thomas v. Wausau Serv. Corp.    CV-95-515-B    07/17/96**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Kevin Thomas, et al.

    v.                                              Civil No. 95-515-b

Wausau Service Corp.


**O R D E R**


Spencer Thomas is insured under a family medical insurance policy issued by Wausau Service Corporation. Thomas incurred certain medical expenses as a result of injuries he suffered on November 6, 1994, when he jumped off a bridge. In denying Thomas's coverage claim, Wausau relied on a clause in the policy that excludes coverage for any "intentionally self-inflicted illness." Thomas and his father, Spencer, challenge the insurer's decision in the present action.[1]

---

[1] It is difficult to determine the basis for plaintiffs' claim from a review of their complaint and their objection to defendant's motion to dismiss and for summary judgment. The complaint appears to be based exclusively on a New Hampshire statute and an implementing regulation which have no bearing on this case because they apply only to insurance policies issued after Thomas was injured. Plaintiffs apparently concede that state law is inapplicable because they make no mention of New Hampshire law in their objection to defendant's motion to dismiss or for summary judgment. Instead, for the first time, plaintiffs characterize their claim in the objection as a claim for benefits under ERISA. Since plaintiffs have apparently abandoned their

Plaintiffs argue that the self-inflicted injury exclusion is inapplicable because Thomas's injuries were the result of a mental condition known as bipolar disorder rather than an intentional decision to injure himself.[2]  Wausau argues that plaintiffs cannot produce sufficient evidence supporting this assertion to survive a motion for summary judgment.  Under Fed. R. Civ. P. 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Although plaintiffs have introduced sufficient evidence to support a finding that Thomas suffered from bipolar disorder, they have produced no evidence to counter the defendant's evidence that Thomas's injuries were intentionally self-inflicted.  Even if bipolar disorder could prevent an insured

_____

state law claim, I will treat the complaint as if it asserts a claim for benefits under ERISA.

[2]  The complaint alleges only that "the plaintiff Spencer Thomas's injuries were not the result of an intentional self-inflicted illness as he has been diagnosed as suffering from bipolar disorder."  I will assume for purposes of analysis that this assertion adequately pleads a claim that Thomas's bipolar disorder caused the injuries for which he seeks medical coverage.

2

from acting intentionally in certain cases, there is no evidence in the record to support such a finding in this case. Accordingly, I grant Wausau's motion for summary judgment.[3]

    SO ORDERED.


                                                _____
                                                Paul Barbadoro
                                                United States District Judge

July 17, 1996

cc:  John E. Lyons, Jr., Esq.
      Robert E. Jauron, Esq.
      Anne M. Radolinski, Esq.

---

[3] In reaching this conclusion, I accord no deference to the administrator's conclusion that Thomas's injuries were intentionally self-inflicted. Thus, I need not address Wausau's claim that that decision was entitled to substantial deference under <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 115 (1989).